1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PSG CALIFORNIA LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>STERLING HALL, an individual,<br><br>Defendant. | Case No. EDCV 19-1609-GW-SHKx<br><br>**PRELIMINARY INJUNCTION**<br><br>Date:      September 16, 2019<br>Time:     8:30 a.m.<br>Courtroom: 9D |

The Court, having read and considered the Ex Parte Application of Plaintiff PSG California LLC ("PSG California") for a Temporary Restraining Order and an Order to Show Cause Why a Preliminary Injunction Should Not Issue, and the Notice of Defendant's Non-Opposition to Entry of Preliminary Injunction and Non-Compliance with Temporary Restraining, and good cause appearing,

**IT IS ORDERED, ADJUDGED, AND DECREED:**

1. This is a civil action for claims related to breaches of contract and of the covenant of good faith and fair dealing; violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1831 *et seq.*; violation of the California Uniform Trade Secrets Act, California Civil Code § 3426 *et seq.*; and violation of California Business and Professions Code § 17200. This Court has subject matter jurisdiction over the federal claims asserted below under 18 U.S.C. § 1836, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(b). This Court has supplemental jurisdiction over the claims alleged under state law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from the same operative facts and circumstances.

2. This Court has personal jurisdiction over Hall because he has had a continuous, systematic, and substantial presence within the Central District of California and has engaged in conduct within this district, including committing the acts that give rise to the claims alleged by PSG California and causing damage to it within this district.

3. Venue is proper in this district under 28 U.S.C. § 1391 in that the claims arise in this judicial district, Hall may be found and has transacted business in this judicial district, and the injury PSG California suffered took place in this judicial district.

4. PSG California is a Delaware limited liability company with its principal place of business in Oakbrook Terrace, Illinois. PSG has a production facility in Grand Terrace, California.

5. Hall is an individual who formerly worked for PSG California in Grand Terrace, California and who currently resides in or near Florence, New Jersey.

6. PSG California is an indirect, wholly-owned subsidiary of Dover Corporation. PSG California provides sophisticated, technologically advanced pumps for commercial uses in a variety of applications and markets.

7. In 2008, Dover Corporation acquired Neptune Chemical Pump Company, then based in Lansdale, Pennsylvania. Neptune was subsequently integrated into the company now known as PSG California.

8. PSG California continues to sell Neptune-branded products in its Neptune product line, which includes metering pumps, mixers, and a range of products for use with wastewater, industrial, irrigation, and other agricultural systems.

9. In 2018, Dover closed the former Neptune facility in Pennsylvania and offered certain key Neptune employees, including Defendant Sterling Hall, the chance to transfer to PSG California's Grand Terrace, California plant.

10. Defendant Hall accepted PSG California's offer and relocated to California in 2018. PSG reimbursed Hall for his relocation expenses, with Hall agreeing to repay those funds if, as ultimately occurred, he terminated his employment within two years.

11. Hall had worked on Neptune pumps as an assembler when he was in Pennsylvania. After moving to California, Hall was promoted to Product Supervisor. As such, he had access to highly sensitive PSG California information, including product design drawings and financial information. Hall continued working on the Neptune line, which annually generates tens of millions of dollar in revenue. Hall's duties include executing product plans, and participating in production and revenue meetings. Workers on the Neptune line reported to him.

12. After an internal change in reporting structure, Hall tendered his resignation on June 7, 2019. Hall's formal resignation date was June 21, 2019, though his last day in the office was June 14.

13. In violation of company policy, Hall failed to return to PSG California the company-issued laptop and company-issued mobile phone that Hall had used during his employment. PSG California cut off all network access on his resignation date. As of the

date this Complaint was filed, Hall is still in wrongful possession of PSG California's IT assets and has refused to accept delivery of letters seeking reimbursement for moving expenses which Hall is contractually obligated to pay PSG California.

14. Hall now works for a competitor in the Philadelphia region named Hi-Tech Compressors & Pump Systems, Inc. ("Hi-Tech").

15. During his work at PSG California, Hall had access to the "blueprints" for PSG California products, including the Neptune line of pumps. He was provided and helped develop engineering plans and schematics, CAD drawings, and other detailed information about how to build PSG California pumps. His access to information was provided under the terms of a strict confidentiality agreement Hall signed in 2018, titled "Confidential Information and non-Disclosure Policy" (the "NDA").

16. Among other things, the NDA prohibited Hall from disclosing "Confidential Information" except as required for business purposes, and from using such information for the benefit of anyone other than PSG California.

17. "Confidential Information" is specifically defined in the NDA as including:

> [A]ny information relating to the business or affairs of Employer and its parents, subsidiaries, affiliates, successors and assigns, including but not limited to: information regarding the development of trade secrets, business systems, proprietary processes, products, know-how and technology, customer lists, vendor lists, pricing lists, copyrighted non-public sales and profit data, strategic business plans, trademarks, service marks, patents and copyrighted material; internal reports, procedures, and other internal business-related confidential data, techniques, drawings, designs, processes, procedures ….

18. On August 5, 2019, Hall contacted Gerin Laurel, a CAD designer at PSG California, via text message. Hall requested that Ms. Laurel send him "copies of Neptune drawings." He told her he needed "a drawing for each piece" of a Neptune pump, and

offered to pay Ms. Laurel if she would send him the information. He told her he could not ask for the drawings himself (*i.e.*, from PSG California). Hall then stated that he would ask someone else. She responded, "I can't do that [send him the drawings] if it's not allowed." Apparently having asked someone else to provide him with the drawings, Hall concluded the conversation by saying, "I got them already. No worries."

19. The NDA is a valid, binding contract supported by adequate consideration.

20. PSG California fulfilled all of its obligations under the NDA and as Hall's employer.

21. PSG is likely to prevail on the merits of its claim that Defendant Hall breached his employment agreement with PSG California by, among other things, disclosing and obtaining PSG California's confidential and trade secret information, misusing company-owned property, otherwise infringing PSG California's intellectual property rights, and using confidential and trade secret information for his own benefit of for that of his new employer.

22. In connection with its employment of Defendant Hall, and in reasonable reliance on the NDA, PSG California disclosed to Hall numerous trade secrets, including those relating to proprietary equipment and processes, drawings of individual pieces for Neptune pumps, and product specifications. These trade secrets included products or services used in, or intended for use in, interstate or foreign commerce.

23. The trade secrets PSG California disclosed to Hall derive independent economic value from not being generally known. They cannot readily be reverse engineered, and a competitor with access to the trade secrets (such as Hi-Tech) would benefit by being able to construct competing products at a lower price, not having had to undertake any research and development costs of its own. PSG California undertook reasonable steps to ensure the information's secrecy, including by implementing policies restricting dissemination and use of confidential information, and by requiring Hall to expressly agree to maintain and protect the confidentiality of PSG California's trade secrets.

24. As he admitted to Ms. Laurel, Hall has obtained through improper means what he knew was PSG California's trade secret information, and he continues to possess such information by virtue of retaining his work laptop and cell phone. PSG California is likely to prevail on the merits of its contention that Hall's misappropriation and, on information and actual or potential misuse of PSG California's trade secret information is unlawful pursuant to the Defend Trade Secrets Act, 18 U.S.C. § 1832 *et seq.*

25. In addition to the likelihood that PSG California will succeed on the merits of its claims against Hall for breach of contract and misappropriation of trade secrets, monetary damages are an inadequate remedy; PSG California faces immediate irreparable harm; the balance of hardships tips in favor of PSG California; and issuing an injunction is in the public interest.

26. Hall's failure to oppose entry of a preliminary injunction may be, and hereby is, deemed consent to the relief PSG California seeks, pursuant to Local Rule 7-12.

27. Accordingly, Defendant Hall and each of his agents, servants, employees, and representatives, and all persons in active concert or participation with them, are enjoined from accessing, transmitting, using, or disclosing PSG California's confidential or trade secret information, including but not limited to PSG California's Neptune drawings.

28. Each person or entity receiving notice of this Order is enjoined from assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities recited in paragraph 26 above.

29. Within three Court days of this Order, Defendant Hall shall :

    a. Return to PSG California, without retaining any copies, all PSG California confidential and trade secret information, including Neptune drawings, whether contained in paper or electronic form;

    b. Deliver to PSG California all devices, including Hall's company-issued laptop and cell phone and any thumb drives or other external storage devices, containing such information; and

  c. Identify every individual and entity to whom Hall has disclosed or provided any PSG California information, including Neptune drawings.

**IT IS SO ORDERED.**

DATE: September 18, 2019    _____
                HON. GEORGE H. WU,
                U.S. District Judge